NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4685-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHN H. CROSS,

 Defendant-Appellant.
________________________________

 Submitted September 13, 2017 – Decided September 29, 2017

 Before Judges Koblitz and Manahan.

 On appeal from Superior Court of New Jersey,
 Law Division, Bergen County, Municipal Appeal
 No. 6075.

 John R. Klotz, attorney for appellant.

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Michael R. Philips,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 Defendant John H. Cross appeals from an order entered in the

Law Division finding him guilty of refusal, N.J.S.A. 39:4-50.2,

after a de novo hearing. On appeal, defendant raises the following

contentions:
 POINT I

 THE MOTION TO SUPPRESS THE MOTOR VEHICLE STOP
 OF [DEFENDANT] SHOULD HAVE BEEN GRANTED BY THE
 COURTS BELOW.

 POINT II

 THE STATE FAILED TO PROVE BEYOND A REASONABLE
 DOUBT THAT [] DEFENDANT KNOWINGLY REFUSED TO
 SUBMIT A BREATH SAMPLE.

 [A.] THE STATE FAILED TO PROVE THAT
 [DEFENDANT] REFUSED TO CONSENT.

 [B.] THE CONFUSION DEFENSE APPLIES
 AND WAS SATISFIED.

 [C.] THERE WAS INSUFFICIENT PROOF
 BEYOND A REASONABLE DOUBT THAT THE
 TROOPER HAD PROBABLE CAUSE THAT []
 DEFENDANT OPERATED A MOTOR VEHICLE
 UNDER THE INFLUENCE [OF] ALCOHOL.

 POINT III

 THE AIR WAS INADMISSIBLE.1

 In a comprehensive, well-reasoned written opinion, Judge

Edward Jerejian found defendant guilty after rejecting these

arguments. In sum, the judge noted the municipal court judge

found the trooper was credible regarding the basis for the stop

(a BOLO and her own observations of erratic driving by defendant),2

which provided her with a reasonable articulable suspicion to stop

1
 AIR is an acronym used for "Alcohol Influence Report."
2
 BOLO is an acronym used for "Be on the lookout."

 2 A-4685-15T1
the vehicle. The judge further held that there was sufficient

proof that defendant failed to submit to the Alcotest after being

properly advised of the requirement to submit and the State had

established the elements of refusal.

 Regarding the confusion defense, the judge noted that

defendant neither raised it before the municipal court judge nor

provided any proofs that would sustain that defense. Finally, in

reaching his de novo finding of defendant's guilt, the judge did

not consider in evidence the printout from the Alcotest as proof

of refusal.

 Having considered the record on appeal, and in light of our

standard of review, we determine that the arguments raised by

defendant, the same arguments he raised before the Law Division,

are without sufficient merit to warrant discussion in a written

opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons

stated by Judge Jerejian.

 Affirmed.

 3 A-4685-15T1